Danny Newman, WSBA No. 61824
Email: danny.newman@tonkon.com
Direct: 503.802.2089
Christopher Pallanch, WSBA No. 45859
Email: christopher.pallanch@tonkon.com
Direct: 503.802.2104
Tonkon Torp LLP
1300 SW Fifth Ave., Suite 2400
Portland, OR 97201
Main: 503.221.1440
Facsimile: 503.274.8779
*Attorneys for Remaining Debtor and Plaintiff*

HONORABLE FREDERICK P. CORBIT

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| REFRESHING USA LIQUIDATION TRUST,<br>Remaining Debtor[1]. | Lead Case No. 24-01863-11<br>(Jointly Administered) |
| BRIAN WEISS, as trustee of the REFRESHING USA LIQUIDATION TRUST,<br>Plaintiff, | Adversary No. 26-80012<br>**JOINT RULE 26(F) STATUS REPORT** |

[1] The Refreshing USA Liquidation Trust (the "Liquidation Trust") is the successor-in-interest to the Former Debtors and Debtors-in-Possession (defined below). The Former Debtors and Debtors-in-Possession, along with the last four digits of their respective Employer Identification Numbers, are as follows: Refreshing USA, LLC (8945) ("Refreshing"); Water Station Management LLC (2716) ("Water Station"); Creative Technologies, LLC (1888) ("Creative" and, together with Refreshing and Water Station, the "Refreshing Debtors"); and Ideal Property Investments, LLC (1791) ("Ideal" and, together with the Refreshing Debtors, "Former Debtors"). The cases being jointly administered are Refreshing, Case No. 24-01863-11; Water Station, Case No. 24-01864-11; and Creative, Case No. 24-01866-11. Ideal, Case No. 24-01421, was not jointly administered and closed on January 8, 2026. The service address for the Liquidation Trust and Former Debtors, the purposes of these Chapter 11 cases only, is: 1300 SW 5th Avenue, Suite 2400, Portland, Oregon 97201.



26-80012-FPC Doc 22 Filed 08/03/26 Entered 08/03/26 15:52:39 Pg 1 of 8

v.

TYLER SADEK, an individual; REFRESHING MIDWEST LLC, a limited liability company; REFRESHING MIDWEST REAL ESTATE LLC, a limited liability company; 7035NORTHDIXIEDRIVE LLC, a limited liability company,

Defendants.

## JOINT STATUS REPORT

### 1. Statement of the Nature and Complexity of the Case

The below statement is made for ease of reference and is not made for purposes of judicial admissions or the like. Each party expressly reserves the right to clarify, alter, or amend the statement or any facts or arguments listed therein in connection with future proceedings.

The Refreshing USA Liquidation Trust ("Refreshing USA"), through trustee Brian Weiss, brings this adversary proceeding against Tyler Sadek ("Sadek"), Refreshing Midwest LLC ("Refreshing Midwest"), Refreshing Midwest Real Estate LLC ("Refreshing Midwest Real Estate"), and 7035NorthDixieDrive LLC. The Trust alleges that Sadek was involved in the financial affairs of Refreshing USA, Water Station Management, Creative Technologies, and related entities before their bankruptcy cases. It further alleges that Sadek received payments and later obtained ownership interests and assets under a December 2023 promissory note and an Indiana judgment. The Trust seeks to avoid and recover those transfers, remedy alleged violations of the automatic stay and fiduciary duties,

///

subordinate Sadek's claims, and disallow his proof of claim in the bankruptcy case of Ideal Property Investments, LLC.

Sadek, Refreshing Midwest, and Refreshing Midwest Real Estate deny liability. They acknowledge that Ryan Wear ("Wear") and entities he controlled operated a Ponzi scheme, but contend that Sadek was a victim rather than a participant. Sadek maintains that he acted as a consultant, relied on information supplied by Wear and the debtors, received payments in good faith and for value, and obtained the disputed interests under valid Indiana court orders. Sadek, Refreshing Midwest, and Refreshing Midwest Real Estate also dispute that the challenged property belonged to the debtors or that their conduct violated the automatic stay, and they assert defenses including good faith, reasonably equivalent value, new value, setoff, preclusion, and reliance on court orders.

7035NorthDixieDrive LLC separately denies liability. It admits that it purchased the North Dixie Property from Refreshing Midwest Real Estate but denies that Sadek owns or manages it, and it maintains that it is unrelated to the debtors and their affiliates. It also denies that it had notice of the bankruptcy when it acquired the property, disputes that the transfer violated the automatic stay, and asserts that it purchased the property in good faith and for value.

**2. Initial Disclosures**

The parties agree to exchange initial disclosures required by Rule 26(a)(1).

| Plaintiff's Proposed Deadline | Defendants' Proposed Deadline |
|---|---|
| September 22, 2026 | January 25, 2027 |

///

///

///

///

## 3. Discovery Plan

### A. Discovery

The parties propose discovery in accordance with the Federal Rules, including interrogatories, requests for production (including ESI), requests for admission, and depositions. The parties propose the following deadlines:

| | Plaintiff's Proposed Deadline | Defendants' Proposed Deadline |
|---|---|---|
| Any Amended Complaint Adding Additional Parties or Claims | August 25, 2026 | August 14, 2026 |
| Complete Fact Discovery | January 26, 2027 | May 24, 2027 |
| Affirmative Expert Report(s) and Disclosure(s) due (FRCP 26(a)(2)(B) and (C)) | March 1, 2027 | June 7, 2027 |
| Rebuttal Expert Reports and Disclosure(s) due (FRCP 26(a)(2)(B) and (C)) | April 1, 2027 | June 28, 2027 |
| Dispositive Motions (if any) | May 3, 2027 | July 19, 2027 |

### B. Subject of Discovery

The parties anticipate conducting discovery related to the claims and defenses in the Complaint and the Answer.

///

**C. Electronically Stored Information (ESI)**

The parties conferred and do not anticipate any special issues pertaining to the disclosure, discovery, or preservation of ESI.

**D. Confidentiality and Privilege**

The parties have submitted a proposed stipulated protective order.

**E. Limitations on Discovery**

The parties agree to abide by the discovery limitations set out in the Federal Rules and Local Rules, except by later stipulation or leave of Court.

**F. The Need for any Discovery Related Orders**

The parties do not anticipate the need for the Court to enter any discovery-related orders at this juncture, aside from the stipulated protective order submitted by the parties.

**G. Other Orders**

The parties are not presently aware of any other orders the Court should issue under Rule 26(c) or under Rule 16(b) and (c).

**4. Additional Considerations**

**A. ADR**

The parties shall file separate ADR Form 2, Certificate of Compliance with LBR 9019-2.

**B. Related Cases**

This is an adversary proceeding in connection with the Refreshing USA, LLC consolidated cases. Debtors and debtors in possession in these Chapter 11 cases ("Bankruptcy Case(s)"), along with their respective Employer Identification Numbers, are as follows: Refreshing USA, LLC (85 3358945) ("Refreshing"), Case No. 24 01863 11; Water Station Management LLC (81 1202716) ("Water Station"), Case No. 24 01864 11; and Creative Technologies, LLC (46 2581888)

("Creative" and, together with Refreshing and Water Station, "Debtors"), Case No. 24 01866 11. Debtors' mailing address is: 2732 Grand Ave., Suite 122, Everett, WA 98201.

**C. Statement Regarding Management of Discovery**

Discovery will be managed according to FRCP 26-37 and the Local Rules. If discovery disputes arise, the parties will attempt to resolve them before raising any matters with the Court.

Plaintiff does not anticipate needing more than 15 depositions, including two 30(b)(6) depositions (each of which the parties agree counts as one deposition, regardless of how many individuals the entity may assign to various topics).

Defendants do not presently anticipate needing more than 20 depositions, including two 30(b)(6) depositions (each of which the parties agree counts as one deposition, regardless of how many individuals the entity may assign to various topics).

The parties will use the form of pre-trial order required by LCR 16 of the Eastern District unless otherwise directed by the Court.

**D. The Date the Case Will be Ready for Trial**

Plaintiff submits that the case can be ready for trial in the early summer of 2027.

Defendants submit that the case can be ready for trial in the early fall of 2027.

///

///

///

///

///

**E. The Number of Trial Days**

The parties agree that five (5) days will be needed for trial.

**F. The Names, Addresses, and Telephone Numbers of All Trial Counsel**

For Plaintiff:

Danny Newman, WSBA 61824
Christopher J. Pallanch, WSBA 45859
Tonkon Torp LLP
1300 SW 5th Ave., Suite 2400
Portland, OR 97201
Telephone: 503-221-1440

For Defendants Tyler Sadek, Refreshing Midwest, and Refreshing Midwest Real Estate:

Malaika M. Eaton, WSBA No. 32837
Daniel M. Weiskopf, WSBA No. 44941
Tierney E. Vial, WSBA No. 58688
McNaul Ebel PLLC
600 University St., Suite 2700
Seattle, WA 98101
Telephone: 206-467-1816

For Defendant 7035NorthDixieDrive LLC:

Daniel R. Kubitz, WSBA #55512
Davis Leigh, WSBA #58825
Schwabe, Williamson & Wyatt
1420 5th Ave., Suite 3400
Seattle, WA 98101
Telephone: 206-622-1711

**G. Trial Counsel Date Complications**

Plaintiff's Counsel: Assuming trial is after May 24, 2027, complicated dates are July 1 to 6, 2027; August 4 to 6, 2027; and September 2 to 6, 2027.

Counsel for Defendants Tyler Sadek, Refreshing Midwest, and Refreshing Midwest Real Estate: Counsel for Tyler Sadek has a potential three-week trial beginning September 27, 2027, but will update the court with whether that trial will go forward by August 10, 2026.

Counsel for 7035NorthDixieDrive LLC: N/A.

**H. Service Issues**

There are no known service issues.

**I. Scheduling Conference**

The Court has set a scheduling conference for this matter on August 4, 2026, at 1:30 p.m.

DATED: August 3, 2026.

TONKON TORP LLP

By: */s/ Christopher Pallanch*

Danny Newman, WSBA No. 61824
Email: danny.newman@tonkon.com
Direct: 503.802.2089
Christopher Pallanch, WSBA No. 45859
Email: christopher.pallanch@tonkon.com
Direct: 503.802.2104
1300 SW 5th Ave., Suite 2400
Portland, OR 97201
*Attorneys for Plaintiff*